**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WM. C. VICK CONSTRUCTION
COMPANY,
Plaintiff-Appellant,

v.

No. 99-1577

GREAT AMERICAN INSURANCE
COMPANY; PENNSYLVANIA NATIONAL
MUTUAL CASUALTY INSURANCE
COMPANY,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-97-692-5-BR)

Argued: April 4, 2000

Decided: April 28, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James T. Johnson, LEWIS & ROBERTS, P.L.L.C.,
Raleigh, North Carolina, for Appellant. Walter Edgar Brock, Jr.,
YOUNG, MOORE & HENDERSON, P.A., Raleigh, North Carolina,
for Appellee Pennsylvania National; Theodore Blackburn Smyth,

THOMPSON, SMYTH & CIOFFI, L.L.P., Raleigh, North Carolina, for Appellee Great American. **ON BRIEF:** Daniel K. Bryson, A. Graham Shirley, II, LEWIS & ROBERTS, P.L.L.C., Raleigh, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Wm. C. Vick Construction Company brought this declaratory judgment action against Great American Insurance Company, which insured Vick from July 1986 through July 1987, and Pennsylvania National Mutual Casualty Insurance Company, which insured Vick from July 1987 through July 1994. Vick seeks a declaration that both the insurers breached their respective duties to defend Vick in an arbitration proceeding and subsequent appeal arising out of a construction project on which Vick was the general contractor. The district court adopted the magistrate judge's report and recommendation and granted summary judgment to the insurers. We affirm.

I.

In 1986, Vick contractually agreed to construct an office building addition for the North Carolina Farm Bureau Federation. During construction, beginning in January 1987, one of Vick's subcontractors applied a waterproofing membrane to a portion of the plaza deck. The membrane leaked and numerous repairs were attempted, but the problem was not resolved.

In January 1991, the Farm Bureau initiated an arbitration proceeding against Vick. The arbitrator rendered judgment against Vick in the amount of $90,000, plus attorney's fees and various costs and fees. Vick appealed, asserting that the arbitrator was unfairly biased against

2

it. The trial court refused to vacate the arbitration award, but in 1996 the North Carolina Court of Appeals did vacate the award, and the Supreme Court of North Carolina denied discretionary review of that decision.

After being denied indemnification for expenses incurred in the arbitration claim and appealed by the insurers, Vick initiated this action in August 1997. The magistrate judge recommended that the district court grant summary judgment to both insurers. The judge reasoned that Vick's failure to notify Penn National of the arbitration claim and award until August 19, 1994, barred recovery against Penn National for the costs it had incurred in the arbitration proceeding and subsequent appeal. In his comprehensive memorandum, the judge further reasoned inter alia that the arbitration claims brought by the Farm Bureau against Vick did not constitute "property damage" under either insurer's policy, and that there had been no "occurrence" within the meaning of the policies. The district court adopted the magistrate judge's memorandum and recommendation and granted summary judgment to the insurers.

II.

After having the benefit of oral argument and carefully reviewing the parties' briefs, the record, and controlling legal authority, we conclude that the magistrate judge correctly resolved the issues before him, and that the district court properly adopted the magistrate judge's recommendation. Accordingly, we affirm on the basis of the reasoning of the magistrate judge. See Wm. C. Vick Construction Co. v. Pennsylvania National Mutual Casualty Insurance Company, No. 5:97-CV-692-BR(l) (E.D.N.C. Feb. 12, 1999).

AFFIRMED